IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHRISTOPHER HIGHTOWER,** ) | |
|        **Plaintiff,** ) | |
| ) | |
|        vs. ) | **CIVIL CASE NO. 12-cv-627-GPM** |
| ) | |
| **S.A. GODINEZ, et al.,** ) | |
| ) | |
|        **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

    Before the Court are post-judgment motions, filed by plaintiff Christopher Hightower. In Document No. 16, Hightower seek relief under Rule 59(e) of the Federal Rules of Civil Procedure, arguing that (1) his Eighth Amendment claims (Counts 1 and 2) are supported by facts which, liberally construed, plausibly permit an inference of deliberate indifference to his serious medical needs and that (2) his state law claims (Counts 3 and 4) were dismissed prematurely. On the first point, he suggests that it would be reasonable to infer from the facts presented that defendants Criss and Fuentes failed to provide treatment when treatment was needed, failed to exercise any medical judgment whatsoever, allowed a non-medical factor to interfere with an exercise of medical judgment, and/or falsified medical records. He further argues that a proposed amendment would repair the pleading by adding new facts and an additional legal issue. On the second point, Hightower suggests that valid state law claims might be stated, and so he should have received an opportunity to amend before Counts 3 and 4 were dismissed. In Document No. 14, Hightower seeks relief under Rule 60(b) of the Federal Rules of Civil Procedure, adopting the same arguments. The motions were filed within 28 days of the August 24, 2012, judgment.

Rule 59(e) allows a court to alter or amend a judgment only if the plaintiff demonstrates a manifest error of law or presents newly discovered evidence. *Obriecht v. Raemisch,* 517 F.3d 489, 493–94 (7th Cir.2008). Rule 59(e) cannot be used to present evidence that could have been presented before judgment was entered. *Id.* Similarly, Rule 59(e) is not a vehicle for a party to undue his own procedural failures. *U.S. v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010).

Rule 60(b) provides that the court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Because a Rule 60(b) motion is a collateral attack on the judgment, the grounds raised must be something that could not be used to obtain a reversal by a direct appeal. *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir. 2000).

On due consideration of plaintiff's arguments, the Court is satisfied that Counts 1 and 2 were properly dismissed with prejudice because the factual allegations failed to state a plausible claim for

relief.  Counts 3 and 4 were properly dismissed without prejudice for lack of jurisdiction.  Relief from the judgment is not warranted under Rule 59(e) or Rule 60(b).  These motions (Doc. No. 14, 16) are DENIED.  All other pending motions (Doc. Nos. 15, 17) are terminated.

**IT IS SO ORDERED.**

**DATED:     September 25, 2012        .**

　　　　　　　　　　　　　　　　　　　　　　　　  **/s/G. Patrick Murphy**
　　　　　　　　　　　　　　　　　　　　　　　　**G. PATRICK MURPHY**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**